United States District Court:

Southern District of New York:

25cv4578    PMH

Mr. Jeremiah Folsom Herbert, Pro-se Plaintiff

Attn Justice Philip M. Halpern, District Court Judge

Formal Matter: Pursuant to Rule 56.1 Pro-se Submission of Summary Judgment under local rule of S.D.N.Y. Rule 56.1

Dear; **Justice Phillip M. Halpern, District Court Judge**

Please take notice that pursuant to local rule of this court rule 56.1 and on behalf of myself as the pro-se plaintiff in this civil right action under **42 usc 1983** as the pro-se plaintiff in requested that this court accept this pro-se submission for summary - Judgment Relief and as the pro-se plaintiff this motion is file under local rule of this court 7.1 and rule 56.1, as the pro-se properly submit this motion to court for summary-judgment be sought.

Motion for summary judgment denied without prejudice as premature, and for failure to comply with the Court's rules, the Local Civil Rules, and the Federal Rules of Civil Procedure. The parties are reminded of the Court's Order setting a briefing schedule for Defendants' pending motion to dismiss (*see* Doc. 38), which shall proceed as Ordered.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 45 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        January 30, 2026

Submitted by:

Mr. Jeremiah F. Herbert, pro-se plaintiff

RECEIVED JAN 2 9 2026 PRO SE OFFICE

UNITED STATES DISTIRCT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

JEREMIAH FOLSOM HERBERT,  <u>25-cv-4578(P.H.M.);</u>

        Plaintiff,

-vs-

<u>1) Sgt. Romeo Riley,</u>

<u>2) Sgt. Jayson George,</u>

3)  <u>Sgt. Alicia Johnson</u>,

 <u>4) Officer Ashton Jones</u>



# Plaintiff's Motion for Summary-Judgment

# Pursuant to rule 56.1 of The Federal Rule of the Southern District of New York

United States District Court:

Southern District of New York:

Mr. Jeremiah Folsom Herbert, pro-se, plaintiff

Vs.

1) Sergeant Romeo Riley,

2) Sergeant Jayson George

3) Sergeant Alicia Johnson

4) Correction Officer Sakaya Cameron

5) Correction Officer Ashton Jones

## Pursuant to Rule 56.1 Summary Judgment Relief Sought:

**Plaintiff motion for Summary Judgment Relief under local rule 56.1:**
**Jeremiah Folsom Herbert states:**

1) I am the pro-se plaintiff in the above entitled action, I make this declaration in full support of my motion for Summary Judgment Relief to be properly granted in connection with the Jan. 29th, 2025 events concerning the excessive force and the use of force used against the pro-se plaintiff by each defendant at Sing-Sing Correctional Facility on Jan 29th, 2025 and Feb. 4th,2025!

2) The Defendants are not at all entitled to any form of summary-Judgment as a matter of law because there are genuine issues of material facts to be resolved by way of Non-Jury Trial demand!

3) Upon pro-se plaintiff accompanying statement of Disputed factual issues pursuant to rule 56.1 of the local rules of the SDNY!

4) On Jan. 29th, 2024 Pro-se plaintiff was indeed cut with razor blade inside a block yard Sing Sing Correctional Facility Does not have any form of camera system in place within the doc's facility!

5) Pro-se plaintiff did indeed seek medical Attention and was indeed taken to the outside hospital on Jan 29th, 2024 and was indeed treated for serious physical injuries to for a broken nose, vision impermanent and for a broken jaw bone and was indeed treated by Doctor Williams!

**<u>Each Defendant is indeed liable for violation of plaintiff Rights under the Deliberate Indifference Standards and under Supervisory Responsibility's:</u>**

1) **<u>Sergeant Romeo Riley</u>**- Was indeed Deliberate indifferent to pro-se plaintiff and did indeed failed to protect him for an assault and is indeed personally responsibility for the deprivation of the Eight Amendment under the color of law and failed to remedy it and allowed pro-se plaintiff on Jan. 29th,2024 and on Feb.4th,2024 to have unconstitutional practices occurred and did not conduct a minimal investigation to which in a violation of pro-se plaintiff due-process rights under the color of law and Defendant Sergeant Riley shall indeed be held liable under the color of law and under the Deliberate- Indifference standard under the Eight Amendment!

2) **<u>Sergeant Jayson George</u>**,- At Sing Sing Correctional Facility was indeed Deliberate indifferent to pro-se plaintiff and did indeed failed to protect him for an assault and is indeed personally responsibility for the deprivation of the Eight Amendment under the color of law and failed to remedy it and allowed pro-se plaintiff on Jan. 29th,2024 and on Feb.4th,2024 to have unconstitutional practices occurred and did not conduct a minimal investigation to which in a violation of pro-se plaintiff due-process rights under the color of law and Defendant Sergeant Riley shall indeed be held liable under the color of law and under the Deliberate- Indifference standard under the Eight Amendment!

3) **<u>Sergeant Alicia Johnson</u>**- At Sing Sing Correctional Facility was indeed Deliberate indifferent to pro-se plaintiff and did indeed failed to protect him for an assault and is indeed personally responsibility for the deprivation of the Eight Amendment under the color of law and failed to remedy it and allowed pro-se plaintiff on Jan. 29th,2024 and on Feb.4th,2024 to have unconstitutional practices occurred and did not conduct a minimal investigation to which in a violation of pro-se plaintiff due-process rights under the color of law and Defendant Sergeant Riley shall indeed be held liable under the color of law and under the Deliberate- Indifference standard under the Eight Amendment!

4) **<u>Correction Officer Sakaya Cameron</u>**- At Sing Sing Correctional Facility was indeed Deliberate indifferent to pro-se plaintiff and did indeed failed to protect him for an assault and is indeed personally responsibility for the deprivation of the Eight Amendment under the color of law and failed to remedy it and allowed pro-se plaintiff on Jan. 29th,2024 and on

Feb.4th,2024 to have unconstitutional practices occurred and did not conduct a minimal investigation to which in a violation of pro-se plaintiff due-process rights under the color of law and Defendant Sergeant Riley shall indeed be held liable under the color of law and under the Deliberate-Indifference standard under the Eight Amendment!

5) **Correction Officer Ashton Jones**- At Sing Sing Correctional Facility was indeed Deliberate indifferent to pro-se plaintiff and did indeed failed to protect him for an assault and is indeed personally responsibility for the deprivation of the Eight Amendment under the color of law and failed to remedy it and allowed pro-se plaintiff on Jan. 29th,2024 and on Feb.4th,2024 to have unconstitutional practices occurred and did not conduct a minimal investigation to which in a violation of pro-se plaintiff due-process rights under the color of law and Defendant Sergeant Riley shall indeed be held liable under the color of law and under the Deliberate-Indifference standard under the Eight Amendment!



Jeremiah F. Herbert, 23B1459, p/o-se, plaintiff
P.O. Box 338
Napanoch, New York 12458-0338

Jeremiah Herbert, 23B1459
Pro-se plaintiff, Eastern of

Jeremiah
Pro-se
plaintiff,

United States District Court of New York:

Justice Philip. M. Halpern
Chambers 530, 300 Quarropas Street.
White Plains, New York 10601
Pro-se Intake office
25-cv-4578 (P.M.H)

EASTERN
CORRECTIONAL FACILITY

NEOPOST
01/22/2026
US POSTAGE $002.17⁹

FIRST-CLASS MAIL
IMI

ZIP 12458
041M11463363

Legal Mail